**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **ADRIANA MARIA QUIROZ ZAPATA,** §<br>§<br>*Petitioner*, §<br>§<br>**v.** §<br>§<br>**MARY ANDA-YBARRA, FIELD** §<br>**OFFICE DIRECTOR, EL PASO FIELD** §<br>**OFFICE, IMMIGRATION AND** §<br>**CUSTOMS ENFORCEMENT;** §<br>**MARTIN SARELLANO, JR.,** §<br>**ASSISTANT FIELD OFFICE** §<br>**DIRECTOR, EL PASO FIELD** §<br>**OFFICE, IMMIGRATION AND** §<br>**CUSTOMS ENFORCEMENT; TODD** §<br>**M. LYONS, ACTING DIRECTOR, U.S.** §<br>**IMMIGRATION AND CUSTOMS** §<br>**ENFORCEMENT; KRISTI NOEM,** §<br>**SECRETARY, U.S. DEPARTMENT OF** §<br>**HOMELAND SECURITY; AND** §<br>**PAMELA JO BONDI, ATTORNEY** §<br>**GENERAL OF THE UNITED STATES,** §<br>§<br>*Respondents*. § | No. 3:25-CV-00376-LS |

**ORDER DISMISSING CASE**

Today, the Court considered this case. Petitioner Adriana Maria Quiroz Zapata filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention by Immigration and Customs Enforcement ("ICE").[1] On April 13, 2026, Petitioner filed a motion for a temporary restraining order, requesting that she not be removed from the United States.[2] On

---

[1] ECF No. 1.
[2] ECF No. 25.

April 16, 2026, Respondents informed the Court that Petitioner has been removed from the United States and assert that her petition is now moot.[3]

The Court first denies Petitioner's motion for a temporary restraining order. Injunctive relief will issue only if:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[4]

Petitioner's motion contained little to no analysis of these elements. Further, a district court hearing a habeas petition does not have jurisdiction to issue a stay of removal from the United States under 8 U.S.C. § 1252(g), which strips a court of jurisdiction to hear claims "arising from the decision or action by the Attorney General to . . . execute removal orders."[5] Petitioner's further request in her subsequent briefing, that she be returned to the United States,[6] is also beyond the relief that can be granted in a habeas petition under 8 U.S.C. § 1252(g). Even in cases of illegal removal orders or judgments, "habeas specifically is not a tool that can be broadly employed to restore the habeas petitioner to his or her *status quo ante* beyond freeing him from the restraints on liberty."[7] It was never within this Court's power to prevent Petitioner's removal from the United States.

Next, the Court considers whether to dismiss this case. The Court does not lose jurisdiction over a habeas petition because an alien has been deported.[8] However, for there to be a case or controversy, the petitioner must show "that his subsequent release has not rendered the petition

---

[3] ECF No. 29.
[4] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[5] *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (stating that the district court lacked jurisdiction to grant a request for a stay of removal).
[6] ECF No. 30 at 6.
[7] *Zalawadia v. Ashcroft*, 371 F.3d 292, 300 (5th Cir. 2004).
[8] *Id.* at 297.

moot."[9] In this case, Petitioner sought release from ICE custody.[10] Because she has subsequently been released from ICE custody, according to Respondents, there is no further relief that the Court can give her. For that reason, the Court finds that this case is moot and should be dismissed.

The petition for a writ of habeas corpus [ECF No. 1] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 28, 2026.

_____

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[9] *Id.*
[10] ECF No. 1 at 34–35.

3